UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAMBERT S. JOYNER,<br><br>    Plaintiff,<br><br>v.<br><br>ARNE DUNCAN, Secretary of Education,<br>U.S. Department of Education, *et al.*,<br><br>    Defendants. | Civil Action No. 11-1225 (CKK) |

MEMORANDUM OPINION
(January 26, 2012)

On June 30, 2011, Plaintiff Lambert S. Joyner ("Joyner") commenced this action against various defendants from his former employer, the Department of Education, alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.  *See* Compl., ECF No. [1].  The Court granted Plaintiff an additional thirty days to complete service of process on the Defendants.  *See* 11/01/2011 Minute Order.  Proof of service filed with the Court indicates the United States Attorney was served on October 27 or 31, 2011, and the individual Defendants were served between October 26, 2011 and November 23, 2011.  Defendants filed a timely [12] Motion to Dismiss on December 27, 2011.  Defendants' motion seeks to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, specifically alleging Plaintiff failed to exhaust his administrative remedies before filing suit.  *Id.*

Pursuant to Local Civil Rule 7(b) and Federal Rule of Civil Procedure 6(d), Plaintiff had a total of seventeen days, or until January 13, 2012, to file an opposition to Defendants' motion. Local Civil Rule 7(b) also placed Plaintiff on notice that if a memorandum of points and

authorities in opposition to a motion "is not filed within the prescribed time, the Court may treat the motion as conceded." Joyner, who has been represented by counsel throughout these proceedings, failed to file an opposition to Defendants' motion. As of today, the docket reflects that Joyner has filed neither an opposition nor a motion for an extension of time.

Based on the absence of a timely response by Joyner, the Court shall, in an exercise of its discretion, treat the Defendants' Motion to Dismiss as conceded. *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("[T]he district court [may] rel[y] on the absence of a response as a basis for treating a motion as conceded."). An appropriate Order accompanies this Memorandum Opinion.

Dated: January 26, 2012

                                                                  /s/
                                        **COLLEEN KOLLAR-KOTELLY**
                                        United States District Judge